IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE A. HILL, } | |
| } | |
| Plaintiff } | |
| } | CIVIL ACTION NO. |
| vs. } | |
| } | 97-AR-0046-S |
| UNIVERSITY OF ALABAMA SYSTEMS } | |
| D/B/A UNIVERSITY OF ALABAMA AT } | |
| BIRMINGHAM, } | |
| } | |
| Defendant } | |

FILED
98 MAR -3 PM 3:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR 3 1998

## MEMORANDUM OPINION

The court has for consideration the motion for summary judgment filed by defendant, University of Alabama Systems d/b/a University of Alabama at Birmingham ("UAB"). Said motion seeks a dismissal of the above-entitled action brought by plaintiff, Willie A. Hill ("Hill"), who has sued UAB, her former employer, (1) under 42 U.S.C. §§ 2000e *et seq.* (Title VII) as amended in 1991; (2) under 42 U.S.C. § 1981; (3) under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); and (4) under the Family Medical Leave Act of 1993, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"). Plaintiff nowhere invoked the Age Discrimination in Employment Act ("ADEA") but in an enigmatic amendment to her complaint she alleges that defendant made an "age statement," whatever that means.

Hill is a black female over 40 years of age. She had cancer during some of the time during which she complains that various kinds of mistreatment occurred. By special order entered on

September 24, 1997, the court made Hill aware that unless she claims "intersectional" discrimination - i.e., adverse action against a specialized class of employees protected for more than one reason - UAB's different alleged proscribed coinciding motivations would be tried separately *in seriatim* to the jury in an order chosen by UAB. UAB is an arm of the State of Alabama and has not waived its Eleventh Amendment immunity.

In her brief filed in opposition to UAB's motion for summary judgment, Hill begins with this sentence:

> Plaintiff waives all claims in this suit but for hostile work environment, disparate treatment due to race, and retaliation.

Thus, Hill, by formal concession, has effectively eliminated her claims pursuant to the ADA, the FMLA and the ADEA, that is, if she ever meant to make an ADEA claim. Yet, two sentences later in her brief, she asserts:

> During her time there, she was abused and made fun of because of her <u>age</u>, her perceived <u>disability</u> and her race.

(emphasis supplied). The court must ignore the irrelevant and concentrate on what remains of Hill's case after the self-imposed limitations on her complaint. The court proceeds to consider only claims of disparate treatment in the forms of hostile work environment and discharge, both motivated by race, plus retaliation by UAB in response to Hill's complaints of racial discrimination. Insofar as her race and retaliation claims are brought pursuant to § 1981, UAB is immune from monetary claims such as back pay, benefits and mental anguish. Title VII provides both a remedy of

2

damages and injunctive relief. This leaves the court to look at Hill's Title VII claims for a racially motivated hostile environment and discharge, and for retaliation.

### Pertinent Facts

Hill was terminated after a series of confrontations with her supervisor, Daphne Taylor ("Taylor"), who is also black. The fact that both the affected employee and the primary decisionmaker are of the same race is not a dispositive fact, but it is a fact that here requires Hill to demonstrate that Taylor, whose acts are attributable to UAB, was deliberately harder on blacks than on whites. Hill falls far short of meeting this burden. To the contrary, the evidence is replete with incidences of insubordination by Hill, of threats of violence by Hill, and of Hill's failure to get along with her fellow employees. These are certainly legitimate, non-discriminatory reasons for UAB to have taken the adverse employment action that it finally took. Hill has wholly failed to offer proof that these proffered reasons are pretextual and that UAB, instead, intended to discriminate against Hill because of her race. Taylor's calling Hill "Miss Willie" does not constitute direct evidence of discriminatory motivation sufficient to counter UAB's articulated reasons for Hill's termination.

Hill's claim of harassment and/or of hostile work environment evaporates with her ADA claim. All of Hill's deposition testimony in which she describes what she considers to have been hostility in

3

the work place had to do more with her diagnosis and treatment for cancer and/or her age than with her race. In fact, her race is only incidentally mentioned, almost as an afterthought.

The court has examined the record for any evidence of retaliation by UAB in reaction to Hill's various protected complaints, but it can find none. Perhaps this lack of evidence explains why UAB in its brief in support of its motion for summary judgment does not even discuss the issue of retaliation. It also may explain why Hill's responding brief fails to mention retaliation except in the first sentence quote *supra*.

### Conclusion

For the foregoing reasons, UAB's motion for summary judgment will be granted by separate order.

DONE this 3rd day of March, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE